UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RICKEY LOUIS ALFORD,

Plaintiff,

v.

UNITED STATES COPYRIGHT OFFICE, LIBRARY OF CONGRESS, WILLIAM B. CLINTON, President, and ROBERT L. AYER, Pelican Bay Prison Warden,

Defendants.

Civil No. 00-2481 (JRT/SRN)

**ORDER**

Plaintiff, a California prison inmate, commenced this action in this District on November 8, 2000, by filing a pleading identified as a "Civil Rights Complaint." (Docket No. 1.) He did not tender the $150 filing fee with his complaint as required by 28 U.S.C. § 1914(a), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) For the reasons discussed below, Plaintiff's request for IFP status will be denied pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

FILED NOV 16 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

This statute, "commonly known as the 'three strikes' provision, directs that prisoners who have had three previous civil suits or appeals dismissed as malicious, frivolous, or for failure to state a claim must prepay the entire filing fee... unless they are 'under imminent danger of serious physical injury.'" Lyon v. Kroll, 127 F.3d 763, 764 (8th Cir. 1997). When determining whether a prisoner is subject to the restrictions of § 1915(g) -- i.e., whether he has had three prior actions dismissed as frivolous, malicious, or for failure to state a cognizable claim -- courts will consider actions that were filed both before and after the enactment of the PLRA. Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); Green v. Nottingham, 90 F.3d 415, 420 (10th Cir. 1996).

A quick search of the federal cases reported on Westlaw shows that Plaintiff has been a prolific litigator in the U.S. District Court for the Northern District of California. Moreover, it appears that Plaintiff is already very familiar with the three strikes rule, because he has been denied IFP status pursuant to § 1915(g) in at least a dozen prior cases that he filed in California.[1] Thus, it has already been determined that Plaintiff has had three or more previous cases dismissed for being frivolous, malicious, or failing to state a claim on which relief could be granted. Because there are no allegations in Plaintiff's current complaint suggesting that he is "under imminent danger of serious physical injury," the Court concludes that § 1915(g) is clearly applicable here, and that, pursuant to the statute, Plaintiff is ineligible for IFP status in this matter. Plaintiff's IFP application, (Docket No. 2), must therefore be denied.

---

[1] See e.g., 1998 WL 169537; 1998 WL 169539; 1998 WL 95394; 1998 WL 61325; 1998 WL 61328; 1997 WL 350102.

The Court further notes, however, that "[s]ection 1915(g) does not prohibit prisoners from pursuing legal claims if they have had 'three strikes' or three prior dismissals. It only limits their ability to proceed in forma pauperis." Lyon, 127 F.3d at 765. Plaintiff will therefore be allowed to prosecute this action if he pays the full $150 filing fee. He will be given until December 8, 2000, to do so. If Plaintiff has not paid the full fee by that date, it will be recommended that this action be dismissed without prejudice.[2]

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), is DENIED; and

2. Plaintiff shall pay the entire $150 filing fee for this action by no later December 8, 2000, failing which it will be recommended that the action be dismissed without prejudice.

Dated: November 16, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

[2] Plaintiff should note that even if the full filing fee is paid in a timely manner, his complaint will still have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether it states a cause of action on which relief can be granted. If the Court finds that Plaintiff has failed to plead a legally cognizable claim, (which appears highly likely), his case will be subject to summary dismissal, notwithstanding his payment of the fee. 28 U.S.C. § 1915A(b)(1).